T.C. Summary Opinion 2005-97


UNITED STATES TAX COURT


LARRY T. COOPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16331-04S.                    Filed July 21, 2005.


Larry T. Cooper, pro se.

<u>Thomas L. Fenner</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, section references are to the Internal Revenue Code, as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2001 a deficiency in petitioner's Federal income tax of $22,583[1] and additions to tax under sections 6651(a)(1), 6651(a)(2), and 6654(a) of $2,944, $1,570, and $575, respectively.

The issues for decision are whether: (1) Petitioner's wife[2] engaged in her horse barrel-racing activities[3] in 2001 with the primary objective of making a profit; (2) petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file an income tax return; (3) petitioner is liable for an addition to tax under section 6651(a)(2) for failure to timely pay tax; and (4) petitioner is liable for an addition to tax under section 6654(a) for failure to pay estimated income tax.

Some of the facts have been stipulated and are so found. The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Willis, Texas.

### Background

During 2001, petitioner was employed in automotive sales and earned wages of $97,890.64 from Wright Motor Co., Inc. His wife,

---

[1]These figures are rounded to the next dollar.

[2]Petitioner's wife, Stephanie Cooper, was not listed on the notice of deficiency, and therefore is not a party to this case.

[3]Horse barrel-racing is a timed rodeo event in which a participant must ride a complete circle around each of 3 barrels and return to the starting point with the fastest time to win.

Stephanie Cooper (Mrs. Cooper), pursued dog breeding and horse barrel-racing activities resulting in losses of $882 and $15,920, respectively.

Since she was 2 years old, Mrs. Cooper has enjoyed riding horses. Mrs. Cooper, who was 38 years old at the time of trial, stopped riding after she graduated from high school and did not resume riding until 1999. Petitioner's wages financed his wife's riding activities.

During 2001, Mrs. Cooper was a district director for the National Barrel Horse Association for whom she heard grievances and complaints. She also applied to be a member of the Professional Rodeo Riders Society, an affiliation that could have helped her obtain sponsors for her riding activities. Mrs. Cooper failed to follow through with the application process.

Mrs. Cooper had competition winnings of $1,740.70 during 2001. She also gave free riding lessons to friends, acquaintances, and fellow competitors.

Mrs. Cooper did not keep documentation regarding her activities and time spent in those activities during 2001.

Mrs. Cooper's 2001 expenses for her horse barrel-racing activities were reported as follows:

| | |
|---|---:|
| Car and truck expenses | $5,231 |
| Depreciation and section 179 expense | 1,268 |
| Office expense | 68 |
| Repairs and maintenance | 1,529 |
| Travel | 518 |
| Meals and entertainment | 101 |
| Entry fees | 2,261 |
| Feed/hay | 913 |
| Vet/meds | 2,513 |
| Tack maintenance | 2,053 |
| Farrier | <u>1,206</u> |
| | 17,661 |

Petitioner failed to timely file a Federal income tax return for 2001. Respondent prepared a substitute for return (SFR) for 2001. Respondent determined a deficiency in petitioner's Federal income tax and that petitioner is liable for additions to tax. Petitioner had not yet filed a Federal income tax return for 2001 when the notice of deficiency was issued. Respondent had also prepared SFRs for petitioner for 1999 and 2000. Respondent, in preparing SFRs for petitioner, treated him as a single taxpayer.

On January 7, 2005, petitioner faxed to respondent an unsigned joint Form 1040, U.S. Individual Income Tax Return, for 2001.[4] Attached to the return were various schedules including: (1) Schedule A, Itemized Deductions; (2) Schedule B, Interest and Ordinary Dividends; and (3) two Schedules C, Profit or Loss From Business. Respondent accepted all the items on the return except for the ordinary loss of $15,920 claimed in connection with Mrs.

---

[4]The parties agree that petitioner should be treated as filing a joint return with his wife for 2001.

Cooper's horse barrel-racing activities.  Respondent contends that Mrs. Cooper's horse barrel-racing activities were not engaged in with the primary objective of earning a profit.

### Discussion

The Commissioner's determinations are presumed correct, and generally, the taxpayer bears the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933).  Because petitioners did not comply with the requirements of section 7491(a)(2), section 7491(a)(1) is inapplicable here.  Under section 7491(c), respondent has the burden of production with respect to petitioner's liability for the additions to tax.

### A.    Mrs. Cooper's Horse Barrel-Racing Activities

Section 183(a) provides that "if * * * [an] activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as otherwise provided in this section."  Thus, to properly deduct certain expenses, a taxpayer must engage in an activity with an actual and honest objective of making a profit.  See Dreicer v. Commissioner, 78 T.C. 642, 645-646 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983).  Moreover, the Court of Appeals for the Fifth Circuit, in which jurisdiction petitioner resides, has stated that taxpayers whose activities are challenged under section 183 "bear the burden of proving that their activities * * * were engaged in with the primary purpose of earning a profit."

Westbrook v. Commissioner, 68 F.3d 868, 876 (5th Cir. 1995), affg. per curiam T.C. Memo. 1993-634 (emphasis added).  If a taxpayer engages in an activity without a profit objective, deductions attributable to the activity are allowed only to the extent of the income derived from the activity.  Sec. 183(b)(2); see Hager v. Commissioner, 76 T.C. 759, 781 (1981).

The determination of whether an activity is engaged in for profit is to be made by reference to objective standards, taking into account all the facts and circumstances of each case. Brannen v. Commissioner, 78 T.C. 471, 506 (1982), affd. 722 F.2d 695 (11th Cir. 1984); Jasionowski v. Commissioner, 66 T.C. 312, 319 (1976); sec. 1.183-2(b), Income Tax Regs.  Greater weight is given to the objective facts than to the taxpayer's own statements of intent.  Sec. 1.183-2(a), Income Tax Regs.  The burden of proof is on the taxpayer to show that he or she engaged in an activity with the objective of realizing an economic profit.  Rule 142(a).

Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of factors that should normally be taken into account in determining whether the requisite profit objective has been shown.  The factors are:  (1) Manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer; (4) expectation that assets used in activity may appreciate in value;

(5) the success of the taxpayer in carrying on similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation.  No single factor is determinative.  Sec. 1.183-2(b), Income Tax Regs.

The following discussion applies the nine factors to Mrs. Cooper's horse barrel-racing activities:

Factor (1):  <u>Manner in Which the Taxpayer Carried On the Activity</u>

Mrs. Cooper did not carry on her horse barrel-racing activities in a businesslike manner.  See sec. 1.183-2(b)(1), Income Tax Regs.  She failed to charge fees for riding lessons she gave, and she failed to follow through with membership affiliations that could help her obtain financial sponsorship for her activities.  Mrs. Cooper also failed to keep detailed records of her activities for 2001.  She did not present any evidence that she developed a profit plan before she began her horse barrel-racing activities or that she evaluated her activities in an attempt to make them profitable.

Factor (2):  <u>The Expertise of the Taxpayer or His Advisers</u>

Preparation for an activity by extensive study or consultation with experts may indicate a profit motive where the taxpayer conducts the activity in accordance with such study or

advice.  Sec. 1.183-2(b)(2), Income Tax Regs.  Mrs. Cooper has had an interest in horses for many years and is an avid rider. She watched videos and read magazines to further her knowledge about horses.  She also held a leadership position with the National Barrel Horse Association.  However, her background and interest in horses are not necessarily synonymous with expertise in horse barrel-racing as a business.

Mrs. Cooper's knowledge regarding barrel-horse competition is not inconsistent with the pursuit of such an activity as a hobby.  She had no experience with the economics of a profitable barrel-horse operation, and she did not make an extensive study of the profit potential of training horses or of competing as a horse barrel-racer.  While a formal market study is not required, her failure to make basic investigation of the factors that would affect profit is indicative of a lack of profit objective. Dunwoody v. Commissioner, T.C. Memo. 1992-721; Underwood v. Commissioner, T.C. Memo. 1989-625; Burger v. Commissioner, T.C. Memo. 1985-523, affd. 809 F.2d 355 (7th Cir. 1987).

Factor (3):  The Time and Effort Expended by the Taxpayer in Carrying On the Activity

The fact that the taxpayer devotes much of his or her personal time and effort to carrying on an activity may indicate a profit motive.  Sec. 1.183-2(b)(3), Income Tax Regs.  However, the regulations effectively provide that time and effort are somewhat discounted as a factor when the activity has substantial

recreational aspects.  <u>Sullivan v. Commissioner</u>, T.C. Memo. 1998-367, affd. without published opinion 202 F.3d 264 (5th Cir. 1999).

Mrs. Cooper testified that she participated in horse shows on holidays and every weekend, sometimes twice in one weekend. Keeping and showing horses has strong recreational aspects, especially given her long-term interest in horses.  Although the Court believes that Mrs. Cooper spent considerable time with her horses, the Court finds that this factor is not dispositive.

Factor (4):  <u>The Expectation That Assets Used in the Activity May Appreciate in Value</u>

An expectation that assets used in the activity will appreciate in value may indicate a profit objective.  Sec. 1.183-2(b)(4), Income Tax Regs.  Mrs. Cooper briefly testified about a horse, "Scooter", she believed to be valued at $35,000 based on training and winnings earned.  During her subsequent testimony, Mrs. Cooper stated that Scooter actually belongs to her mother. She testified about two other horses but merely speculated about their value.

Factor (5):  <u>The Success of the Taxpayer in Carrying On Similar or Dissimilar Activities</u>

A taxpayer's past successes in similar or dissimilar activities is relevant in determining a profit objective.  Sec. 1.183-2(b)(5), Income Tax Regs.  During 2001, Mrs. Cooper also had a dog-breeding business which generated gross receipts of

$6,700 and a loss of $882.  Mrs. Cooper testified that she did not report mileage expenses and the cost of purchasing a dog so that the dog breeding business would seem more profitable. Additionally, she used money she received from dog sales to fund her horse activities.

No evidence was provided to demonstrate that petitioner participated in Mrs. Cooper's horse barrel-racing activities in any manner other than providing financing.  Thus, any success he may have had as an automotive salesperson has no bearing on the assessment of the horse barrel-racing activities.

Factors (6) and (7):  <u>Taxpayer's History of Income or Losses With Respect to the Activity and The Amount of Occasional Profits, If Any, Which Were Earned</u>

An activity's history of income or loss may reflect whether the taxpayer has a profit motive.  Sec. 1.183-2(b)(6), Income Tax Regs.  Unless explained by customary business risks or unforeseen or fortuitous circumstances beyond the taxpayer's control, a record of continuous losses beyond the period customarily required to attain profitability may indicate that the activity is not engaged in for profit.  <u>Id.</u>

Respondent prepared SFRs for petitioner's accounts for 1999, 2000, and 2001.  No allowances were made for any expenses regarding Mrs. Cooper's horse barrel-racing activities. Respondent disallowed the loss claimed by petitioner on his subsequently filed 2001 Form 1040.  Petitioner has not yet filed

returns for 2002 and 2003.  Therefore, the Court has no information in the record regarding the history of income or loss from those activities.

Factor (8):  <u>The Financial Status of the Taxpayer</u>

Petitioner had substantial income from his automotive sales employment during the year in issue.  Based on the record, it appears he was financially capable of supporting the losses generated by Mrs. Cooper's horse barrel-racing activities.

Factor (9):  <u>Elements of Personal Pleasure or Recreation</u>

The presence of personal motives in carrying on an activity may indicate that the activity is not engaged in for profit, especially where there are recreational or personal elements involved.  Sec. 1.183-2(b)(9), Income Tax Regs.; see also <u>Commissioner v. Groetzinger</u>, 480 U.S. 23, 35 (1987)(where the Court stated that a hobby or amusement diversion does not qualify as constituting a profit objective.)

Mrs. Cooper has been an avid rider of horses since early childhood.  Additionally, in conducting her horse-related activities, she gave riding lessons without charge and failed to pursue memberships that would have enabled her to obtain independent financing of her activities.  Based upon the facts presented, the Court concludes that Mrs. Cooper engaged in her horse barrel-racing activities primarily for recreation and personal pleasure.

The Court finds that Mrs. Cooper did not engage in her horse-barrel racing activities in 2001 with the primary objective of making a profit and therefore sustains respondent's determination that petitioner is not entitled to deduct any amount in excess of the income derived from Mrs. Cooper's horse-related activities.

B.   Additions to Tax

1.   Section 6651(a)(1) and (2)

Under section 7491(c), the Commissioner has the burden of production in any court proceeding with respect to the liability of any individual for any penalty or addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  In order to meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax in the particular case.  Id. at 446.  Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect.  Id. at 447.

Respondent determined that petitioner is liable for additions to tax for:  (1) Failure to timely file a return for taxable year 2001 pursuant to section 6651(a)(1); and (2) failure to make timely payment of tax pursuant to section 6651(a)(2).  Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return.  The addition to tax is equal to 5

percent of the amount of tax required to be shown on the return if the failure to file is not for more than 1 month. See sec. 6651(a)(1). An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent. See id. Section 6651(a)(2) provides for an addition to tax of 0.5 percent per month, up to 25 percent for failure to pay the amount shown or required to be shown on a return. A taxpayer may be subject to both paragraphs (1) and (2), in which case the amount of the addition to tax under section 6651(a)(1) is reduced by the amount of the addition to tax under section 6651(a)(2) for any month to which an addition to tax applies under both paragraphs (1) and (2). The combined amounts under paragraph (1) and paragraph (2) cannot exceed 5 percent per month. Sec. 6651(c)(1).

The additions to tax under section 6651(a)(1) and (2) are imposed unless the taxpayer establishes that the failure to file and/or pay was due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985); Heman v. Commissioner, 32 T.C. 479, 489-490 (1959), affd. 283 F.2d 227 (8th Cir. 1960). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, supra at 246. "Willful neglect" is defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Petitioner's 2001 return was due on April 15, 2002. He stipulated that the 2001 return was faxed to respondent January 7, 2005, after the notice of deficiency was issued. At trial, Mrs. Cooper blamed their accountant for not preparing their return timely. However, it appears from the record that petitioner did not timely provide the accountant with the relevant information with which he could prepare the return.

Under section 6651(g)(2), a return the IRS prepared under section 6020(b) is treated as "the return filed by the taxpayer for purposes of determining the amount of the addition" under section 6651(a)(2). See <u>Spurlock v. Commissioner</u>, T.C. Memo. 2003-124. Respondent prepared an SFR for 2001 that meets the requirements of section 6020(b).

Respondent has satisfied his burden of producing evidence to show the additions to tax are appropriate. Petitioner has failed to show that he had reasonable cause for failing to timely file the 2001 return or for failing to pay the tax. Respondent's determination as to the section 6651(a)(1) and (2) additions to tax is sustained.

2.    Section 6654(a)

Respondent also determined that petitioner is liable for an addition to tax for failure to pay estimated tax pursuant to section 6654(a).

Section 6654(a) provides that in the case of an underpayment of estimated tax by an individual, there shall be added to the tax an amount determined by multiplying the underpayment rate established under section 6621 to the amount of the underpayment for the period of the underpayment.  Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of the section 6654(a) addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute.  See sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

The amount of the addition to tax under section 6654(a) stated in the notice of deficiency is based on the SFR respondent prepared for petitioner prior to the filing of the notice of deficiency.  Nothing in the record indicates petitioner made the required amount of estimated tax payments for taxable year 2001, and petitioner does not argue, and the record does not indicate, that any of the statutory exceptions apply.  Accordingly, the

Court concludes that petitioner is liable for the addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.